UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL EDWARDS,　　　　　　　　　　　　Case No. 09-10546

　　　　　Plaintiff,　　　　　　　　　　　　　Stephen J. Murphy, III
　　　　　　　　　　　　　　　　　　　　　　United States District Judge
vs.
　　　　　　　　　　　　　　　　　　　　　　Michael Hluchaniuk
U.S. BANK, *et al.*,　　　　　　　　　　　　United States Magistrate Judge

　　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION
DISMISSAL FOR FAILURE TO PROSECUTE AND
DEFENDANT'S MOTION TO DISMISS (Dkt. 7)**

**I.　　PROCEDURAL HISTORY**

This is a civil action filed on February 13, 2009. (Dkt. 1). Plaintiff alleges that defendants willfully violated the automatic stay provision of his bankruptcy proceedings. On June 18, 2009, District Judge Stephen J. Murphy, III, referred this matter to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636.[1] (Dkt. 8). Defendants filed a motion to dismiss on June 17, 2009. (Dkt. 7).

---

[1] This Report and Recommendation contains hyperlinks to statutory and case law references, for the ease of the parties and others viewing this document electronically. This is not intended to be an endorsement of any product, service, or company.

On June 24, 2009, the Court ordered plaintiff to respond to defendant's motion to dismiss by July 20, 2009. (Dkt. 9). This order was served on plaintiff at the address listed on file with the Court and set forth on plaintiff's complaint. On June 30, 2009, the order served on plaintiff was returned as "undeliverable" by the U.S. Post Office. (Dkt. 10). On July 7, 2009, the Court ordered plaintiff to show cause, by July 21, 2009, why this matter should not be dismissed for failure to prosecute and for failure to keep the Court apprised of his current address. (Dkt. 12). Plaintiff has not responded to the show cause order, although the order was not, as of the date of this report and recommendation, returned to the Court as undeliverable.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice for failure to prosecute. The undersigned further recommends that defendant's motion to dismiss be **DENIED** as moot.

## II.   ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these
> rules or a court order, a defendant may move to dismiss
> the action or any claim against it. Unless the dismissal

order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to

prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In this case, plaintiff ignored the orders of this Court and violated both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan. The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this case, the Court plainly warned plaintiff that his case would be dismissed with prejudice if he again failed to respond to an order of the Court. (Dkt. 12). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time

and resources expended to defend this case." *Id.* Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's complete failure to participate in this case since the filing of the complaint in February, 2009, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). An additional basis for dismissal is plaintiff's failure to keep the Court informed of his current address. *See e.g.*, *Watsy v. Richards*, 1987 WL 37151 (6th Cir. 1987) (A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.). Under the circumstances, the undersigned suggests that dismissal with prejudice is appropriate.

### III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice.  The undersigned further recommends that defendant's motion to dismiss be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 30, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 30, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Timothy B. Myers, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Samuel Edwards, 2334 W. McNichols, Detroit, MI 48221.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov